101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Reynel ALZATE, a/k/a Rey and Manuel Cuevas-Ramos, a/k/a
Peipo Soto, Defendants,
Gladys Loaiza Devilla, Defendant-Appellant.
 No. 95-1721.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 1
 Jerald Levine, Jackson Heights, New York, for Appellant.
 
 
 2
 Roland G. Riopelle, Assistant United States Attorney, Southern District of New York, New York City, for Appellee.
 
 
 3
 Present: WINTER, LEVAL, Circuit Judges, THOMPSON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Gladys Loaiza DeVilla appeals from a sentence imposed by Judge Haight following a plea of guilty. Judge Haight sentenced DeVilla to 60 months' imprisonment, followed by four years of supervised release. On March 12, 1996, he reduced DeVilla's prison term to 57 months based on new evidence that entitled her to an 18 U.S.C. § 3553(f) "safety valve" sentence based on imprisonment at level 25 of the Sentencing Guidelines. On March 21, 1996, Judge Haight granted the joint request by DeVilla's counsel and the government to reduce her sentence to 46 months, the bottom of the range for level 23 of the Sentencing Guidelines.
 
 
 7
 DeVilla challenges the district court's sentence on two grounds: (i) in its December 21, 1995 sentence, the district court erred in not applying the "safety valve" provision to Devilla under 18 U.S.C. § 3553(f), and (ii) the district court erred in not adjusting DeVilla's offense level downward for her alleged minimal role in the offense.
 
 
 8
 DeVilla's first argument is moot because, after her brief was filed, the fact that the district court reduced her sentence under the "safety valve" provision of 18 U.S.C. § 3553(f).
 
 
 9
 We reject DeVilla's second claim--that she should have received a lower offense level because she played a minimal role--for substantially the reasons stated by the district court. United States v. Loaiza DeVilla, 1995 WL 747796, No. 94 Cr. 73 (S.D.N.Y. Dec. 18, 1995).
 
 
 10
 We therefore affirm.
 
 
 
 *
 The Honorable Alvin W. Thompson, United States District Judge for the District of Connecticut, sitting by designation